# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRULLON FRANCISCO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI MENDOTA,<br><br>　　　　Respondent. | Case No. 1:23-cv-00105-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 12) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 8, 9.)

**I.**

**BACKGROUND**

In the petition, Petitioner challenges a Federal Bureau of Prisons' policy that excludes inmates with immigration detainers, such as Petitioner, from applying their First Step Act ("FSA") Earned Time Credits ("FTCs"). (ECF No. 1.) Petitioner requests that the Court direct the Federal Bureau of Prison ("BOP") to immediately calculate and apply all of the FTCs to which he is entitled. (Id. at 7.)[1] Respondent has moved to dismiss the petition, asserting (among other grounds) that there is no case or controversy because Petitioner has been awarded FTCs that were applied and resulted in his release from BOP custody. (ECF No. 12 at 2–3.) To date, Petitioner has not filed an opposition or statement of non-opposition to the motion to dismiss, and the time for doing so has passed.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, the record establishes that Petitioner was released from BOP custody on March 8, 2023, with 365 days of applied FSA credits. (App. 044–045.)[2] Given that Petitioner has received the remedy he requested in his petition, the Court finds that no case or controversy exists and dismissal is warranted on this ground.[3]

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (ECF No. 12) is GRANTED;

2. The petition for writ of habeas corpus is DISMISSED as MOOT; and

3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:   **June 28, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[2] "App." refers to the Appendix filed by Respondent on April 25, 2023. (ECF No. 12-1.) Appendix page numbers refer to the page numbers stamped at the bottom right corner.

[3] In light of this conclusion, the Court declines to address Respondent's other grounds for dismissal set forth in the motion to dismiss.